## Pearce v. Frank.

*Practice, J. P.—Appeal—Time for filing transcript—Act of March 20, 1810.*

1. The Act of March 20, 1810, § 4, 5 Sm. Laws, 564, requires that on appeal from a justice of the peace the transcript must be filed on or before the first day of the next term of court. Where, therefore, an appeal was taken and bail entered on February 16th, which was the first day of February Term, the appellant had until the first day of March Term to file the transcript.

2. If undue delay is caused by the failure of the justice to furnish the transcript in time, the appeal will not be stricken off.

Rule to strike off appeal. C. P. Lancaster Co., March T., 1925, No. 43.

*Charles W. Eaby*, for plaintiff and rule; *Henry M. Bruner*, contra.

HASSLER, J., Jan. 16, 1926.—This is a rule to strike off an appeal from a justice of the peace. The transcript of the justice shows that the judgment was entered before a justice of the peace in the Borough of Columbia on Feb. 9, 1925. On Feb. 16, 1925, the defendant appeared with surety and asked for an appeal and transcript. On Feb. 17, 1925, an appeal and transcript was issued to the defendant. It was entered in the prothonotary's office on Feb. 19, 1925.

The depositions show that on the evening of Feb. 16th, about eight o'clock, the defendant with his surety went to the office of the justice of the peace and appealed from the judgment, giving the required bond. The justice told him he had twenty days to take an appeal, and he would give him the transcript the next day.

The Act of March 20, 1810, § 4, 5 Sm. Laws, 164, provides that the party appealing shall enter bail to appeal within twenty days of the entry of the judgment, and "shall file a transcript of the record of the justice in the prothonotary's office on or before the first day of the next term of the Court of Common Pleas of the proper county after entering such bail as aforesaid." Where the failure to file the transcript in proper time is due to the failure of the justice to furnish the appellant a transcript, the courts have refused to strike off the appeal: Freeman v. Orr, 4 Kulp, 222; Gallagher v. Silkman, 5 Lanc. Law Rev. 192; Myers v. Keen, 7 Lanc. Law Rev. 1, and Voorhis v. O'Malley, 6 Kulp, 139. So that even if this appeal were not filed in time we would refuse to strike it off because of the failure to give the defendant a copy of the transcript at the time he gave the bail required by the act of assembly. But it is unnecessary to refuse to strike off the appeal here for that reason, as it was filed in the time required by the act of assembly. The first day of the February Term was Feb. 16, 1925, which is the day on which the bail required by the act of assembly was given before the justice of the peace. The first day of the next term was March 16th, so that the defendant had until that day to file an appeal. He filed it on Feb. 19th, more than three weeks before the time in which he had to file it expired. It was, therefore, filed in proper time, and we discharge the rule to show cause why it should not be stricken off.          From George Ross Eshleman, Lancaster, Pa.